UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEROME HUDSON,

                Petitioner,                    Civil No. 04-10360
                                                  Honorable David M. Lawson

v.

BARRY DAVIS,

                Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

The petitioner, Jerome Hudson, a state prisoner currently confined at the Ryan Correctional Facility in Detroit, Michigan, filed a petition for writ of habeas corpus when he was confined at the Newberry Correctional Facility in Newberry, Michigan where the respondent is the warden. The petitioner seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on the grounds that his convictions on two counts of first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b, and one count of first-degree home invasion, Mich. Comp. Laws § 750.110a(2), violated his federal constitutional rights. He was convicted in the Wayne County, Michigan circuit after a trial without a jury, and he contends that the prosecution presented insufficient evidence to support his convictions, and that the trial court erred in allowing the prosecution to re-open proofs to offer certain photographs. The respondent has filed an answer to the petition contending that the claims lack merit. The Court finds that the petitioner's claims do not warrant habeas relief. The Court, therefore, will deny the petition.

I.

The petitioner's convictions arise from an incident that occurred on June 29, 2002 in Detroit, Michigan. The petitioner broke into the home of Johnetta Bankhead and sexually assault her. At trial, Ms. Bankhead testified that the petitioner was a former boyfriend and that they had broken up about three months prior to the incident. Earlier on the day of the incident, Ms. Bankhead spoke to the petitioner on the street about repairing the steering wheel of her car. She noticed that the petitioner had been drinking. Approximately two hours later, she heard someone kick in the kitchen door of her home. Ms. Bankhead tried to leave through the front door, but the petitioner grabbed her and dragged her into her bedroom. She feared for her life. When she fought the petitioner and began to scream, the petitioner hit her in the face several times. He then forced her to remove her clothes and sexually assaulted her while choking her. He then retrieved a knife from the kitchen, held it to her neck, and had sexual intercourse with her. He was physically and verbally abusive.

Ms. Bankhead attempted to call 911 when the petitioner left the room but was unable to complete the call. The petitioner returned to the room and sexually assaulted her again. She said she begged the petitioner to stop, but he refused. When the petitioner left her home, Ms. Bankhead got dressed and locked the front door. She left the broken side door open because she did not want to disturb any fingerprints. She then called her daughter-in-law and her landlady's son and asked them to call the police. She also called the Wayne County Sheriff's Department, which referred her to a local precinct of the Detroit Police Department. After reporting the incident to police, Ms. Bankhead went to the hospital where a rape kit was completed. She identified photographs of her that showed bruises on her body from the assault.

The parties stipulated to the admission of the evidence technician's report regarding the police examination of Ms. Bankhead's residence and the hospital reports, which indicated that sexual intercourse had occurred.

The petitioner testified in his own defense. He claimed that he was still living with Ms. Bankhead in June 2002, and they had consensual intercourse on the night in question. He further testified that he woke up between 3:30 a.m. and 4:00 a.m. and saw the victim putting on her coat. He took her coat from her and told her that she did not need to go anywhere so late. They got into an argument and he pushed her on the bed. The petitioner denied striking or threatening Ms. Bankhead. He eventually fell back asleep and awoke again at 7:00 a.m. When he was preparing to leave for work, he told Ms. Bankhead that he was not coming back. The petitioner said that he decided to leave Ms. Bankhead because she went out too often.

Following the petitioner's testimony, the prosecution asked to re-open the proofs to offer rebuttal evidence consisting of photographs of Ms. Bankhead's kitchen and kitchen door taken by the evidence technician. Defense counsel objected, but the trial court granted the prosecution's request and admitted the photographs. The Court also admitted eight exhibits offered by the defense.

When the proofs were completed, the trial court found the petitioner guilty of two counts of first-degree criminal sexual conduct and one count of first-degree home invasion. The trial court subsequently sentenced the petitioner to concurrent terms of 7 years 6 months to 20 years imprisonment on the criminal sexual conduct convictions and a concurrent term of 3 to 5 years imprisonment on the home invasion conviction.

The Michigan Court of Appeals denied the petitioner's application for delayed appeal for lack of merit in the grounds presented.. *See People v. Hudson*, No. 252904 (Mich. App. May 10, 2004) (unpublished). The Michigan Supreme Court denied the petitioner's application for leave to appeal in a standard order. *See People v. Hudson*, 471 Mich. 901, 688 N.W.2d 85 (2004).

The petitioner's habeas application was timely filed. He seeks habeas relief asserting that the prosecution presented insufficient evidence to support his convictions and the trial court erred in re-opening the proofs for rebuttal. These claims were fairly presented to the Michigan appellate courts. The respondent opposes the petition, contending that the petitioner's claims lack merit and do not warrant habeas relief.

II.

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, which govern this case, "circumscribe" the standard of review federal courts must apply when considering applications for a writ of habeas corpus raising constitutional claims. *See Wiggins v. Smith*, 539 U.S. 510, 520 (2003). As amended, 28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  Therefore, federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law.  *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir. 1998).  Mere error by the state court will not justify issuance of the writ; rather, the state court's application of federal law "must have been objectively unreasonable."  *Wiggins*, 539 U.S. at 520-21 (quoting *Williams v. Taylor*, 529 U.S. 362, 409 (2000) ( internal quotes omitted)).  Additionally, this Court must presume the correctness of state court factual determinations.  28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct."); *see also West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996) (stating that "[t]he court gives complete deference to state court findings of historical fact unless they are clearly erroneous").

The Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . .

> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams*, 529 U.S. at 405-06.

The Supreme Court has held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause of § 2254(d)(1) "when a state-court decision

unreasonably applies the law of this Court to the facts of a prisoner's case." *Id.* at 409. The Court

defined "unreasonable application" as follows:

> [A] federal habeas court making the "unreasonable application" inquiry should ask
> whether the state court's application of clearly established federal law was
> objectively unreasonable. . . .

> [A]n *unreasonable* application of federal law is different from an *incorrect*
> application of federal law. . . . Under § 2254(d)(1)'s "unreasonable application"
> clause, then, a federal habeas court may not issue the writ simply because that court
> concludes in its independent judgment that the relevant state-court decision applied
> clearly established federal law erroneously or incorrectly. Rather, that application
> must also be unreasonable.

*Id.* at 409, 410-11; *see also Eady v. Morgan*, 515 F.3d 587, 594-95 (6th Cir. 2008); *Davis v. Coyle*,

475 F.3d 761, 766-67 (6th Cir. 2007); *King v. Bobby*, 433 F.3d 483, 489 (6th Cir. 2006); *Harbison*

*v. Bell*, 408 F.3d 823, 828-29 (6th Cir. 2005); *Rockwell v. Yukins*, 341 F.3d 507, 512 (6th Cir. 2003)

(en banc).

However, in this case, the Michigan Court of Appeals denied the petitioner's application for

delayed appeal "for lack of merit in the grounds presented" and did not clearly address the

petitioner's claims as matters of federal law. Where a state court declines to address the merits of

a properly raised issue, this Court conducts an independent review of the issue. *Harris v. Stovall*,

212 F.3d 940, 943 (6th Cir. 2000). The deferential standard of review prescribed by the AEDPA

does not apply because "[t]his statute by its own terms is applicable only to habeas claims that were

adjudicated on the merits in State court. . . . Where, as here, the state court did not assess the merits

of a claim properly raised in a habeas petition . . . questions of law and mixed questions of law and

fact [are reviewed] *de novo*." *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003) (internal citations

and quotations omitted). This Court's review of the issues raised by the petitioner is "not

circumscribed by a state court conclusion" because none of the state courts produced a reasoned

opinion on these issues. *Wiggins*, 539 U.S. at 510; *see also Maldonado v. Wilson*, 416 F.3d 470, 476 (6th Cir. 2005).

With this standard in mind, the Court proceeds to the merits of the petition for a writ of habeas corpus.

A.

The petitioner first asserts that he is entitled to habeas relief because the prosecution presented insufficient evidence to support his criminal sexual conduct and home invasion convictions. "[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). The critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979).

> [T]his inquiry does not require a court to 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.' Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

*Id*. at 318-19 (internal citation and footnote omitted). This "standard must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law ." *Id*. at 324 n.16. A habeas court must defer to the factfinder for its assessment of the credibility of witnesses. *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003).

Michigan's first-degree criminal sexual conduct statute states:

(1) A person is guilty of criminal sexual conduct in the first degree if he or she engages in sexual penetration with another person and if any of the following circumstances exists:
. . .

(c) Sexual penetration occurs under circumstances involving the commission of any other felony.

. . .

(e) The actor is armed with a weapon or any article used or fashioned in a manner to lead the victim to reasonably believe it to be a weapon.

(f) The actor causes personal injury to the victim and force or coercion is used to accomplish sexual penetration.

Mich. Comp. Laws § 750.520b(1). Michigan courts have read this statute to define the elements of first-degree criminal sexual conduct as: (1) sexual penetration with another person, and (2) the defendant is armed with a weapon or an article used or fashioned in a manner to cause the victim to reasonably believe it to be a weapon, the defendant causes personal injury to the victim and force or coercion is used to accomplish the sexual penetration, or the sexual penetration is accompanied by the commission of another felony. *People v. Wilkens*, 267 Mich. App. 728, 737, 705 N.W.2d 728, 736 (2005); *People v. Asevedo*, 217 Mich. App. 393, 395, 551 N.W.2d 478, 480 (1996).

Michigan's first-degree home invasion statute states:

A person who breaks and enters a dwelling with intent to commit a felony, larceny, or assault in the dwelling, a person who enters a dwelling without permission with intent to commit a felony, larceny, or assault in the dwelling, or a person who breaks and enters a dwelling or enters a dwelling without permission and, at any time while he or she is entering, present in, or exiting the dwelling, commits a felony, larceny, or assault is guilty of home invasion in the first degree if at any time while the person is entering, present in, or exiting the dwelling either of the following circumstances exists:

 (a) The person is armed with a dangerous weapon.

 (b) Another person is lawfully present in the dwelling.

Mich. Comp. L. § 750.110a(2). Under Michigan law, the elements of first-degree home invasion are: (1) the defendant broke and entered a dwelling or entered the dwelling without permission; (2) when the defendant did so, he intended to commit a felony, larceny, or assault, or he actually

committed a felony, larceny, or assault while entering, being present in, or exiting the dwelling; and (3) another person was lawfully present in the dwelling or the defendant was armed with a dangerous weapon. *People v. Sands*, 261 Mich. App. 158, 162, 680 N.W.2d 500, 503 (2004).

The prosecution in this case provided sufficient evidence to prove the elements of the crimes defined by these two statutes. The victim testified that the petitioner broke into her home, grabbed her, held a knife to her throat, and forced her to have sexual intercourse at least twice on the night of June 29, 2002. The police photographs of the victim's home and the hospital records corroborated the victim's testimony. Given the trial testimony, a rational factfinder reasonably could conclude that the petitioner committed first-degree home invasion and two counts of first-degree criminal sexual conduct. A rational factfinder reasonably could reject the petitioner's claim that he was welcome at the victim's home and that their sexual activity was consensual.

The petitioner actually presents his insufficient evidence claim as a challenge to the credibility of the victim's testimony. However, it is well-settled that "[a] federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Jackson*, 443 U.S. at 326. It is the job of the jury (or, in this case, the judge acting as factfinder), not a federal habeas court, to resolve evidentiary conflicts. *See ibid*; *Martin v. Mitchell*, 280 F.3d 594, 618 (6th Cir. 2002). The Court finds no violation of the petitioner's federal rights with respect to this first claim.

B.

The petitioner also asserts that he is entitled to habeas relief because the trial court erred in re-opening the proofs for rebuttal and allowing the admission of the photographs of the victim's

kitchen and kitchen door. The respondent contends that this claim presents a state law issue and does not warrant habeas relief.

The petitioner relies upon Michigan evidentiary law, which prohibits the prosecution from introducing in his rebuttal case new evidence that should have been presented during the case-in-chief. This Court, however, may only grant habeas relief to a person who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Trial court errors in the application of state procedure or evidentiary law, particularly regarding the admissibility of evidence, generally are not cognizable as grounds for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Serra v. Michigan Dep't of Corrections*, 4 F.3d 1348, 1354 (6th Cir. 1993); *see also Olsen v. McFaul*, 843 F.2d 918, 933 (6th Cir. 1988) (observing that such claims are almost always rejected as grounds for granting a writ of habeas corpus). Only where admission of the disputed evidence rendered the trial so fundamentally unfair as to constitute a denial of federal rights may it provide grounds for granting a writ of habeas corpus. *Clemmons v. Sowders*, 34 F.3d 352, 356 (6th Cir. 1994).

The petitioner has not shown that the admission of the police photographs of the victim's kitchen and door during rebuttal rendered his trial fundamentally unfair. The photographs were relevant and the evidence technician's report had already been admitted into evidence. The petitioner's challenge to this evidence is solely based upon Michigan law. A federal court cannot grant habeas relief based upon a perceived error of state law. This Court will not disturb the state trial court's determination that admission of the photographs during the prosecution's rebuttal case was proper under Michigan law. The petitioner is not entitled to habeas relief on his second and final habeas claim.

III.

For the reasons stated, the Court concludes that the petitioner is not in custody in violation

of the Constitution or federal laws.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus [dkt # 1] is

**DENIED**.


s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   March 26, 2008

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 26, 2008.

s/Felicia M. Moses
FELICIA M. MOSES